UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL E. GUENTHER, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * Civil Action No. 15-30001-MGM |
| CAROLYN W. COLVIN, | * |
| Acting Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS AND DEFENDANT'S
MOTION FOR ORDER AFFIRMING COMMISSIONER
(Dkt. Nos. 13 and 18)

February 17, 2016

MASTROIANNI, U.S.D.J.

This is an action for judicial review of a final decision by Carolyn Colvin, the Acting Commissioner of the Social Security Administration ("Commissioner"), regarding an individual's entitlement to Social Security Disability Insurance ("SSDI") benefits pursuant to 42 U.S.C. § 405(g) and Supplemental Security Income ("SSI") pursuant to 42 U.S.C. § 1383(c)(3) (referencing 42 U.S.C. § 405(g)). Paul E. Guenther ("Plaintiff") asserts the Commissioner's decision denying him such benefits—memorialized in a July 15, 2013 decision of an administrative law judge ("ALJ")—is in error. The parties have filed cross-motions for judgment on the pleadings.

At issue is whether the ALJ erred by not fully evaluating the opinion of Theresa Hammond, M.S.W. when assessing the mental aspect of Plaintiff's residual functional capacity ("RFC") or by failing to properly exercise discretion in discounting Plaintiff's credibility.

1

For reasons discussed below, the court will deny Plaintiff's Motion for Judgment on the Pleadings, (Dkt. No. 13), and allow Defendant's Motion for Order Affirming the Decision of the Commissioner, (Dkt. No. 18).

I.   DISCUSSION

The parties are familiar with the factual and procedural history of this case, so the court begins its discussion with the standard of review.

A. Standard of Review

The role of a district court reviewing an ALJ's decision is limited to determining whether the conclusion was supported by substantial evidence and based on the correct legal standard. *See Seavey v. Barnhart,* 276 F.3d 1, 9 (1st Cir. 2001). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive …." 42 U.S.C. 405(g). Substantial evidence means that "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the Commissioner's] conclusion." *Rodriguez v. Sec'y of Health and Human Servs.,* 647 F.2d 218, 222 (1st Cir. 1981). Additionally, it is the Commissioner's responsibility to decide issues of credibility. *Id.*

B. Disability Standard and the ALJ's Decision

Entitlement to SSI requires a showing of both disability and financial need on or after the date of the SSI application. *See* 42 U.S.C. § 1381a. Here, Plaintiff's financial need is not challenged. An individual is entitled to SSDI benefits if, among other things, he has an insured status and, prior to the expiration of that status, was under a disability. *See Baez v. Astrue,* 550 F.Supp.2d 210, 214 (D. Mass. 2008) (citing 42 U.S.C. § 423(a)(1)(A) and (E)). The ALJ determined the Plaintiff meets the insured status requirements for SSDI benefits. (Administrative Record ("A.R.") at 17.) Whether Plaintiff has a disability is the only issue with respect to both the SSI and SSDI benefits claims.

2

The Social Security Act (the "Act") defines disability, in part, as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual is considered disabled under the Act:

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). *See generally Bowen v. Yuckert,* 482 U.S. 137, 146-49 (1987).

In determining disability, the Commissioner follows the five-step protocol described by the First Circuit as follows:

> 1) if the applicant is engaged in substantial gainful work activity, the application is denied; 2) if the applicant does not have, or has not had within the relevant time period, a severe impairment or combination of impairments, the application is denied; 3) if the impairment meets the conditions for one of the "listed" impairments in the Social Security regulations, then the application is granted; 4) if the applicant's "residual functional capacity" is such that he or she can still perform past relevant work, then the application is denied; 5) if the applicant, given his or her residual functional capacity, education, work experience, and age, is unable to do any other work, the application is granted.

*Seavey v. Barnhart,* 276 F.3d at 5; *See Also* 20 C.F.R. § 416.920(a)(4).

In the instant case, the ALJ found as follows with respect to these steps. First, the claimant has not engaged in substantial gainful activity since August 1, 2008. Second, the ALJ found Plaintiff had three severe impairments: bilateral lower abdominal hernia status post surgical intervention, osteoarthritis of the left knee pain status post left knee surgery in 1993, and depressive disorder. Third, the ALJ determined Plaintiff's impairments do not, singly or in combination, meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Fourth, the ALJ found that Plaintiff's RFC allows him to perform light work as

3

defined in 20 C.F.R. 404.1567(b) and 416.967(b) except that the Plaintiff requires an option to sit and stand at will. Plaintiff must also avoid climbing of stairs and is otherwise limited to work that involves remembering and carrying out only simple instructions and has only occasional contact with others. The ALJ found that these limitations preclude Plaintiff from performing past relevant work. Fifth, the ALJ concluded that given Plaintiff's age, education, work experience, and RFC, he was capable of performing work as a parking lot attendant or assembler, both jobs that exist in the national economy. As a result, the ALJ determined that Plaintiff was not disabled.

Plaintiff makes two arguments challenging the ALJ's decision: (1) the ALJ did not fully evaluate the opinion of Theresa Hammond, M.S.W. when determining Plaintiff's mental RFC and (2) the ALJ improperly utilized discretion to diminish Plaintiff's credibility due to his failure to quit smoking. The Commissioner counters that the ALJ properly evaluated the medical opinions and his decision is supported by substantial evidence.

A. The Medical Opinion of Theresa Hammond, M.S.W.

Plaintiff asserts that Ms. Hammond be considered a "treating mental health source." Commissioner responds that the opinion of Ms. Hammond, a social worker, was appropriately evaluated by the ALJ. For the reasons outlined below, the court agrees with the Commissioner.

An administrative law judge must give "controlling weight" to the medical opinion of a "treating source" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2). The administrative law judge must also give "good reasons" for the weight ultimately given to such an opinion. *Id.* On the other hand, opinions from "other medical sources" are not entitled to controlling weight and an administrative law judge is not required to provide "good reasons" for the weight assigned to such opinions nor consult the factors in 20 C.F.R. § 404.1527(c)(2)-(6) and 416.927(c)(2)-(6). *Taylor v. Astrue,* 899 F.Supp.2d 83, 88 (D.

Mass. 2012). An administrative law judge still must adequately explain the treatment of an opinion by "other medical sources" so that a reviewer can determine if the decision is supported by substantial evidence. *Id.* at 88-89. Further, an administrative law judge cannot ignore entirely the opinion of a non-acceptable medical source. *Doucette v. Astrue,* 972 F.Supp.2d 154, 168 (D. Mass. 2013).

Ms. Hammond's status as a social worker does not fit the definition of a "treating source" because such position is not listed among the "acceptable medical sources" listed in 20 C.F.R. §§ 404.1513(a) and 416.913(a). *See also Randall v. Astrue,* 2011 WL 2649967, at *1 (D. Mass. July 5, 2011). Additionally, the court finds that the ALJ adequately explained the treatment of Ms. Hammond's opinion as a non-acceptable medical source.

The ALJ considered Ms. Hammond's opinion on two different occasions in his decision. (A.R. at 34, 36-37.) First, he acknowledges that on August 20, 2012, she diagnosed Plaintiff with major depressive disorder, recurrent, severe with psychotic features, poly-substance dependence with a GAF score of 47. (*Id.* at 34.) The ALJ granted moderate weight to this opinion with respect to the date it was given, but notes that the Plaintiff subsequently felt better with the use of medications. (*Id.*) It does not appear that the Plaintiff disputes the ALJ's reasoning in this specific instance.

Second, the ALJ recognizes Ms. Hammond's completion of a mental residual functional capacity questionnaire for the Plaintiff on May 2, 2013. (*Id.* at 36.) Here, Ms. Hammond found Plaintiff suffered from major depressive disorder, severe, without psychotic features, necessitating the use of medications including Effexor, Seroquel, Amitriptyline, and Ambien with a GAF score of 45. (*Id.*) The ALJ granted little weight to this opinion reasoning that Ms. Hammond is not a psychologist nor a psychiatrist…"a fact which, while not allowing me to ignore what she says, allows me some flexibility to consider what weight her opinion deserves." (*Id.* at 36, 37.) Continuing on,

5

the ALJ explains that Plaintiff's self-reporting of conditions in the questionnaire contain significant discrepancy between those others found throughout the record and that Ms. Hammond had no other records to corroborate Plaintiff's past treatment history or report of symptoms. (*Id.* at 37.) Further, the ALJ found that Ms. Hammond did not conduct any symptoms validity testing or objective testing from which to corroborate or measure the extent of Plaintiff's symptoms. (*Id.*)

The ALJ's decision to grant Ms. Hammond's opinion little weight is substantiated throughout the record. After initially seeing Ms. Hammond, Plaintiff saw his primary care physician, Dr. Asma Kareem, M.D. on August 20, 2012. (*Id.* at 501-02.) Dr. Kareem observed Plaintiff was in no acute distress, alert, and oriented. (*Id.* at 501.) Almost two months later, on November 12, 2012, Plaintiff returned to Dr. Kareem after receiving a new combination of medication. (*Id.* at 499.) During this visit, Plaintiff reported that the medications were working well for him and he was feeling better. (*Id.*) On April 2, 2013, Plaintiff saw Martin J. Luber, M.D. because of his knee pain. (*Id.* at 537-38.) Dr. Luber recorded that Plaintiff was a "well-appearing, older gentleman in no acute distress, alert and oriented x 3 with a pleasant affect." (*Id.* at 537.) Ms. Hammond completed her mental residual functional capacity questionnaire on May 2, 2013. (*Id.* at 526-529.) On June 6, 2013, Louis M. Adler, M.D. noted that Plaintiff was a "pleasant healthy appearing gentleman in no apparent distress." (*Id.* at 535.)

The ALJ's treatment of Ms. Hammond's opinion was adequately explained in his decision. (*Id.* at 34, 36-37.) Further, there exists substantial evidence that the ALJ made the correct mental RFC determination as he extensively outlined the medical exhibits. (*Id.* at 29-38.) Ultimately, he confirmed that Plaintiff had a history of depressive disorder, but not to the extent that would prohibit him from working any full time work due to such conditions. (*Id.* at 29.) The ALJ considered the manner in which the Plaintiff testified, medical findings and opinions of the

examining physicians, together with the opinions of the medical consultants for the Disability Determination Service. (*Id.* at 38.) In doing so, the ALJ conducted a proper evaluation.

B. Plaintiff's Credibility

Plaintiff contends that the ALJ erred when he treated Plaintiff's failure to quit smoking, despite medical advice to do so, as providing a basis for the ALJ to regard Plaintiff as less credible. Noncompliance with medical advice to cease smoking has been found to be a permissible basis on which to discount a claimant's credibility. *See MacDonald v. Astrue,* Civil Action No. 10-11439-GAO, 2011 WL 4479774, at *9 (D. Mass. Sept. 27, 2011) (administrative law judge permissibly drew a negative credibility inference based in part on claimant's continued heavy smoking despite doctors' repeated advice that ceasing smoking was imperative to his health); *Mooney v. Shalala,* 889 F.Supp. 27, 32 (D.N.H. 1994) (claimant's continued smoking, although it aggravated his asthma, was among contradictions in his testimony that "provided ample evidence for the ALJ to determine that [the claimant's] subjective complaints, including pain, were not entirely credible").

Additionally, the ALJ provided other reasons for finding Plaintiff's testimony lacked credibility. The ALJ noted both Plaintiff's ability to socialize and make friends and the existence of some record evidence indicating Plaintiff may have been working after the alleged onset date. (A.R. at 25.) The ALJ's credibility finding is supported by these other observations and is thus entitled to deference. *See, e.g., Frustaglia v. Sec'y of Health & Human Servs.,* 829 F.2d 192, 195 (1st Cir. 1987) ("The credibility determination by the ALJ, who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings."); *see also, e.g., Little v. Colvin,* No. 2:13-CV-365-GZS, 2014 WL 5782457, at *8 (D. Me. Nov. 6, 2014) ("As the commissioner contends, [the administrative law judge's] analysis easily survives the applicable, deferential standard of review, both because the

plaintiff does not challenge all relevant credibility findings and because the ones that he does challenge . . . withstand scrutiny.") (citation omitted).

## II.     CONCLUSION

For these reasons, the court DENIES Plaintiff's Motion for Judgment on the Pleadings, (Dkt. No. 13) and ALLOWS Defendant's Motion for Order Affirming Decision of the Commissioner, (Dkt. No. 18).  The clerk shall enter judgment for Defendant, and this case may now be closed.

It is So Ordered.

    /s/ Mark G. Mastroianni    
MARK G. MASTROIANNI
United States District Judge